| AOC-105 Doc. Code: CI | | Case No. **CI 06106** |
|---|---|---|
| Rev. 1-07 | (Seal) | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County Jefferson |
| Court of Justice www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | |

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
PLAINTIFF

Michael          R          Springfield
316 Skyline Drive

Taylorsville          Kentucky          40071

VS.

DEFENDANT

Trover Solutions, Inc.
9390 Bunsen Parkway

Louisville          Kentucky          40220

**Service of Process Agent for Defendant:**
The Prentice Hall Corporation System, Inc.
421 West Main Street

Frankfort          Kentucky          40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: SEP 16 2011 , 2____

_____, DC
DAVID L. NICHOLSON
CIRCUIT COURT CLERK
By: _____14_____ Clerk
_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

NO. **11 CI 06106**

JEFFERSON CIRCUIT COURT
DIVISION _____

MICHAEL R. SPRINGFIELD
316 Skyline Drive
Taylorsville, KY 40071

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)

v.   **VERIFIED COMPLAINT**

TROVER SOLUTIONS, INC.   DEFENDANT
9390 Bunsen Parkway
Louisville, KY 40220

Serve: The Prentice-Hall Corporation System, Inc.
421 West Main Street
Frankfort, KY 40601

\*\*\*   \*\*\*   \*\*\*

Comes the Plaintiff, by counsel, and state as follows:

## JURISDICTION AND VENUE

1. The amount in controversy in this action is sufficient to establish the jurisdiction of this Court.

2. All of the discriminatory employment actions alleged herein were committed in Jefferson County, Kentucky, and therefore venue is proper in this judicial district.

## PARTIES

3.  Plaintiff, Michael R. Springfield, an African American male, is a resident of Taylorsville, Kentucky, who, for all relevant times herein, was employed with Defendant Trover Solutions, Inc., ("Trover") in Louisville, Kentucky.

4.  Defendant, Trover Solutions, Inc., is a Delaware Corporation with its principal office at 9390 Bunsen Parkway, Louisville, Kentucky 40220.

5.  Defendant Trover is an employer engaged in an industry affecting commerce who had, at all relevant times herein, at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks within Kentucky.

## BACKGROUND FACTS COMMON TO ALL CLAIMS

6.  In December 2006, Plaintiff began his employment with Defendant Trover as a Collection Supervisor, the position he held until he was demoted to a Senior Collector position in August 2010. On or about June 17, 2011 Plaintiff's employment was terminated by Defendant.

7.  For the duration of his employment, Plaintiff met or exceeded the performance standards for his position and performed all his employment duties with efficiency, and received compliments, and otherwise performed without legitimate complaint, discipline, or problem.

8.  On or about August 17, 2010, Plaintiff was questioned by management and the local police based on allegations that he had brought a gun to work and made threatening statements about "shooting up the place." Plaintiff denied the allegations and the police could not corroborate the alleged threats. Another white employee actually brought a gun to work and

2

she was not disciplined.

9. Prior to the incident on August 17, 2010, Plaintiff commented at a bible study meeting that he had some employees he would like to take out back and spank. Plaintiff made the comment in jest and the group laughed. On August 17, 2010 the police also questioned Plaintiff about this incident. Based upon information and belief other white supervisors have made similar comments in jest and were not disciplined.

10. On August 17, 2010, Plaintiff's supervisor, Gary Liter, suspended Plaintiff with pay until further notice. A week later Gary Liter contacted Plaintiff and advised him that he could either return to his former position, in which case any further incident would result in termination, or Plaintiff could accept a demotion to a Senior Collector position with a reduction in pay and working from home. With no real choice, Plaintiff accepted the demotion.

11. As a result of the wrongful employment actions taken against him Plaintiff began to suffer from severe depression. He began leave under the Family and Medical Leave Act on February 7, 2011. He utilized twelve (12) weeks of leave ending on May 3, 2011. He was then placed on administrative leave for forty-five (45) days ending on June 17, 2011 when he was terminated.

12. In May 2011 Plaintiff, a qualified person with a disability, requested a reasonable accomodation for disability based on depression. He requested that he be returned to work in a position that would not report to Gary Liter, his former supervisor. This request for reasonable accomodation was denied.

## COUNT I

### *Race discrimination and racial stereotyping in violation of KRS Chapter 344*

13. Plaintiff brings this Count I for violation of KRS Chapter 344 for race discrimination and to recover from Defendant actual and compensatory damages, costs of suit and attorney fees.

14. The allegations contained in paragraphs 1 through 13 of this Complaint are incorporated by reference herein.

15. Defendant discriminated against Plaintiff in violation of the Kentucky Civil Rights Act, KRS Chapter 344, when Defendant suspended him on or about August 17, when Defendant demoted him a week later, and when Defendant terminated his employment on June 17, 2011, and otherwise treated him differently than his white colleagues, and other white employees, because of his race and based on racial stereotyping.

16. Plaintiff is informed and believes that Defendant engaged in illegal racial stereotyping by assuming that because he is black he must have made the alleged threats described herein above. .

17. As a direct and proximate result of unlawful race discrimination by Defendant, Plaintiff has suffered, and will continue to suffer, lost wages, damage to his personal dignity, mental anguish, embarrassment and humiliation, and other compensable injuries. Plaintiff is entitled to recover for the same from Defendant.

18. Defendant's wrongful race discrimination against Plaintiff was specifically intended to subject him to cruel and unjust hardship, was malicious and oppressive, undertaken with an awareness that serious harm would be caused to Plaintiff, was with flagrant indifference to

4

his rights and with a subjective awareness that such actions would harm Plaintiff, and/or amounted to gross negligence.

## COUNT II

*Race discrimination in violation of KRS Chapter 344*

19. Plaintiff brings this Count II for violation of KRS Chapter 344 for race discrimination and to recover from Defendant actual and compensatory damages, costs of suit and attorney fees.

20. The allegations contained in paragraphs 1 through 19 of this Complaint are incorporated by reference herein.

21. Based upon information and belief, during the course of Plaintiff's employment with Defendant, at least one similarly situated white employee brings a gun to work on a regular basis and despite Defendant's knowledge of this the employee has not been disciplined in any way.

22. Based upon information and belief, other white supervisors have made comments in jest about physically harming employees, but these supervisors have not been disciplined in any way despite Defendant's knowledge of the comments.

23. As a direct and proximate result of unlawful race discrimination by Defendant, Plaintiff has suffered, and will continue to suffer, lost wages, damage to his personal dignity, mental anguish, embarrassment and humiliation, and other compensable injuries, including, but not limited to economic injury with the loss of employment and Plaintiff is entitled to recover for the same from Defendant.

24. Defendant's wrongful race discrimination against Plaintiff was specifically

intended to subject him to cruel and unjust hardship, was malicious and oppressive, undertaken with an awareness that serious harm would be caused to Plaintiff, was with flagrant indifference to his rights and with a subjective awareness that such actions would harm Plaintiff, and/or amounted to gross negligence.

## COUNT III

### *Disability Discrimination in Violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq.*

25. Plaintiff brings this Count III for violation of the Americans with Disabilities Act to recover from Defendant actual and compensatory damages, punitive damages, costs of suit and attorney fees; that the acts and omissions of Defendant by and through its employees, constitutes unlawful employment practices.

26. The allegations contained in paragraphs 1 through 25 of this Complaint are incorporated by reference herein.

27. Plaintiff is a qualified person with a disability. He requested a reasonable accomodation which Defendant denied.

28. As a direct and proximate result of unlawful disability discrimination by Defendant, Plaintiff has suffered, and will continue to suffer, lost wages, damage to his personal dignity, mental anguish, embarrassment and humiliation, and other compensable injuries, including, but not limited to economic injury with the loss of employment and Plaintiff is entitled to recover for the same from Defendant.

29. Defendant's wrongful disability discrimination against Plaintiff was specifically intended to subject him to cruel and unjust hardship, was malicious and oppressive, undertaken

with an awareness that serious harm would be caused to Plaintiff, was with flagrant indifference to his rights and with a subjective awareness that such actions would harm Plaintiff, and/or amounted to gross negligence, for all of which Plaintiff is entitled to recover punitive damages from Defendant.

**WHEREFORE**, the Plaintiff demands the following:

A. For a judgment against the Defendant in an amount that will fully and adequately compensate his damages caused by the Defendant's unlawful actions;

B. For a trial by jury;

C. For his costs expended herein;

D. For reasonable attorney's fees;

E. For punitive damages where allowed; and

F. For any and all relief to which he may appear to be entitled.

Respectfully submitted,

WIBBELS LAW OFFICE, PLLC

by **JOSEPH D. WIBBELS, JR.**
1562 Bardstown Road, Suite 203
Louisville, KY 40205
502-509-1529
Fax: 502-415-7582
joe@wibbelslaw.com

## VERIFICATION

I, Michael Springfield, have reviewed the foregoing Complaint and state and aver that the allegations contained herein are true and correct to the best of my knowledge and belief

COMMONWEALTH OF KENTUCKY )
                                                      )ss
COUNTY OF JEFFERSON           )

**SUBSCRIBED,** sworn to and acknowledged before me by Michael Springfield on this the _6_ day of September, 2011.

Notary Public, State at Large, Kentucky

My commission expires: _1-19-2015_

8



WIBBELS LAW OFFICE PLLC
FIGHTING FOR EMPLOYEE RIGHTS

1562 Bardstown Rd ste 203
Louisville Ky 40205

RETURN RECEIPT
REQUESTED

The Prentice Hall Corporation System, Inc.
421 West Main Street
Frankfort, KY 40601